No. 80-478

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

MARGARET NYE,

Petitioner and Appellant,

vs.

THE DEPARTMENT OF LIVESTOCK, et al.,

Defendants and Respondents.

Appeal from: District Court of the Fifth Judicial District,
In and for the County of Jefferson
Honorable Frank Blair, Judge presiding.

Counsel of Record:

For Appellant:

Patrick Flaherty argued, Great Falls, Montana

For Respondent:

John Bobinski argued, Helena, Montana

Submitted: September 26, 1981

Decided: January 14, 1982

Filed: JAN 14 1982

Thomas J. Kearney
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Margaret Nye brought an action in the District Court of the Fifth Judicial District, Jefferson County, Montana, seeking judicial review of the termination of her employment and damages for slander and wrongful discharge. The District Court denied the petition for judicial review and dismissed the action on its merits. Nye appealed. We reverse the portion of the order dismissing the wrongful discharge claim and remand to the District Court for further proceedings.

Margaret Nye was hired by the Department of Livestock of the State of Montana ("Department") in October 1977. She initially worked as a permit clerk for the Department. The record does not disclose the grade at which the permit clerk position was classified under the state employee classification plan. In May 1979, Nye was promoted to the position of general office clerk V at a position classification of grade 8. Nye stated at the time of her promotion that she understood that pursuant to Department policy she would be put in a probationary status for six months. In August 1979, Nye's supervisors in the Department determined that she was not performing adequately in her new position. On August 20, Nye was told of the deficiencies in her work and was given a ten day warning notice which informed her that the deficiencies must be corrected. Nye's work was spot checked during the ensuing ten day period and her supervisors determined that she had not corrected certain deficiencies. Nye was terminated on August 31, 1979.

Nye invoked the Department's grievance procedures in order to challenge her termination. A three-person hearing

committee was formed and a hearing was had on December 18, 1979. Both Nye and the Department were represented by counsel. The parties brought witnesses, presented exhibits, and submitted briefs and proposed decisions to the committee. The hearing committee then gave its opinion and recommendation to the head of the Department of Livestock. The committee concluded that departments of state government may require employees to enter into a probationary period when they are promoted to a new position and that the Department of Livestock's personnel policies properly included a probationary period for any promotion to a new position. Nye's rights were viewed as the rights of a probationary employee.

The hearing committee found that Nye knew and understood that she had made mistakes in her new position. The committee also found that Nye misunderstood the totality of the mistakes made by her, and found that she was under the impression that the problems had been resolved. The committee determined that the Department had not properly trained and supervised Nye. The hearing committee decided that termination was an unduly harsh method of dealing with Nye's deficiencies, especially when her excellent prior work record with the Department was considered. The committee determined that because the Department's grievance procedure applied to all employees, even probationary employees must be dealt with fairly. The committee concluded that there was a "lack of total fairness" in the termination of Nye. The hearing committee recommended that Nye not be reinstated to her previous position and not be awarded back pay. (It is unclear whether "previous position" refers to the permit clerk job or the general office clerk V job.) The committee further recommended that Nye be awarded $1,495.36 as compensation

-3-

for the unfair treatment given her by the Department. Finally, the committee recommended that Nye be granted an entitlement to any grade 7 or 8 position in the Department for which she was qualified. The entitlement was to apply to any such position which became vacant in a two-year period.

The report and recommendations of the hearing committee were submitted to the director of the Department of Livestock in accordance with Department grievance procedures. The director refused to follow the committee's recommendations and affirmed Nye's termination. Nye filed suit in District Court seeking judicial review of the agency action, damages for slander, and, by way of an amended complaint, damages for wrongful discharge. The district judge denied the petition for judicial review and dismissed the cause on its merits because he determined that Nye had only a contract at will. Nye appealed, and raised the following issues:

(1) Did the District Court err by denying judicial review of the Department director's decision?

(2) Did the District Court err by dismissing the slander complaint? and

(3) Did the District Court err by denying Nye's motion to amend the complaint for the purpose of seeking damages in wrongful discharge?

Judicial Review

Nye based her petition for review in the District Court upon the language of the Department's grievance policy and upon the Montana Administrative Procedure Act (MAPA).

The Department of Livestock has adopted personnel policies developed by the Department of Administration. Policy 3-0130, Discipline Handling; Policy 3-0125, Grievances;

Vol. III Montana Operations Manual. Policy 3-0125, Grievances, provides that:

> "If the employee is not satisfied with the outcome of the Director's decision, the grievance may be brought before the applicable statutorily authorized review body: the Board of Personnel Appeals, the Merit System Council, the Human Rights Commission, or any appropriate federal enforcement agency, while those grievances not allowed redress with the aforementioned may be pursued at the district court level." (Emphasis supplied.)

We agree with the Department that the concluding language of the above excerpt cannot, of itself, create a right of judicial review. Policy 3-0125 is an administrative regulation. In Montana, only the legislature may validly provide for judicial review of agency decisions. "The legislature may provide for direct review by the district court of decisions of administrative agencies." Mont. Const. art. VII, § 4, cl. 2. A right of judicial review cannot be created by agency fiat.

In order for Nye to have a right of judicial review under MAPA, hers must be a "contested case." Section 2-4-702 (1)(a), MCA, provides that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." As defined at section 2-4-102(4), MCA, "'[c]ontested case' means any proceeding before an agency in which a determination of legal rights, duties, or privileges of a party is required by law to be made after an opportunity for hearing."

> "The definition refers to determinations which are 'required by law' to be made after an opportunity for hearing. This has broader meaning than merely a statutory requirement for an opportunity for hearing. It includes situations where a hearing is required as a matter of constitutional right." Administrative Procedures Subcommittee Comments, Title 2, Chapter 4, Part 1, MCA (Annotations).

Appellant Nye has cited no authority, either statutory or constitutional, which indicates that a person in Nye's position is "required by law" to be given an opportunity for hearing prior to a determination of her or his rights or privileges.  The research conducted by this Court has not revealed any such legal requirement.  We conclude that this case does not qualify as a contested case under MAPA.

The District Court did not err in refusing to grant Nye's petition for judicial review.

Slander

Nye's complaint alleged that her supervisors at the Department of Livestock made statements about her ability to work and perform the tasks at her work site which were either intentionally malicious or made with gross disregard for the truth.  The complaint also alleged that certain Department administrators caused these statements to be published in Nye's notice of discharge, and that the publication was made with reckless disregard for the truth.  Nye alleged that she was injured in various ways as a result of the making of the above statements.  The Department of Livestock argued to the District Court that the intradepartmental publications complained of by Nye were absolutely privileged under Montana law.  We agree.

Section 27-1-804(1), MCA, provides that a privileged publication is one made in the proper discharge of an official duty.  The language of section 27-1-804(1) has been applied by this Court to facts quite similar to those now before us. In Storch v. Board of Dir. of East. Mont. Reg. Five M.H.C. (1976), 169 Mont. 176, 545 P.2d 644, the plaintiff was an employee of a state regional mental health center who had been discharged because he was unclean and unkempt and was

living with a woman not his wife. One of the bases for Storch's suit against his employers was that they had libeled him. This Court held that the privilege afforded by section 27-1-804(1), MCA, is absolute.

> "[I]t constitutes an absolute privilege with the only requirement being that the intra-department communication be one rendered while engaged in an 'official duty.' There can be no doubt that the hiring and firing of employees is part of the 'official duty' of Montana Regional Health Centers. . .
>
> "Whether statements made by such public officers in relation to the hiring and firing of employees may be subject to absolute privilege has been answered in the affirmative many times. Under facts similar to the instant case, the United States Supreme Court in Barr v. Matteo, 360 U.S. 564, 571, 79 S.Ct. 1335, 3 L.Ed.2d 1434, 1441, stated that insofar as a public officer was acting within the scope of his authority his communication was absolutely privileged." Storch, 169 Mont. at 181-82, 545 P.2d at 647-48.

We find that the absolute privilege afforded by section 27-1-804(1), MCA, applies to the facts of this case. Margaret Nye had no cause of action for slander, and the District Court did not err by dismissing that element of her complaint.

Wrongful Discharge

Nye sought to amend her complaint to add a claim for wrongful discharge, but the District Court refused to allow amendment. We do not agree that wrongful discharge could not lie as a matter of law, and remand to the District Court to allow amendment of the complaint.

The District Court's order of dismissal appears to rest upon the fact that Nye's employment was "at will." Section 39-2-503, MCA. However, the tort of wrongful discharge may apply to an at will employment situation. In fact, the theory of wrongful discharge has developed in response to the harshness of the application of the at will doctrine,

-7-

under which an employment may be terminated without cause. See Pierce v. Ortho Pharmaceutical Corp. (1980), 84 N.J. 58, 417 A.2d 505. The determination of whether the cause of action arises rests upon whether an unfair or unjustified termination was in violation of public policy. Keneally v. Orgain (1980), ____ Mont. ____, 606 P.2d 127, 37 St.Rep. 154.

Administrative rules may be the source of a public policy which would support a claim of wrongful discharge. Pierce, 417 A.2d at 512. The State of Montana, through the Department of Administration, developed policy 3-0130, discipline handling, and policy 3-0125, grievances. These rules for the resolution of employment difficulties were adopted by the Department of Livestock. Policy 3-0130 states that "[w]hen punitive discipline is necessary, just cause, documentation of facts and due process are required." Under policy 3-0130

> "[j]ust cause is determined if the alleged act were an actual violation of an established agency standard, legitimate order, policy, labor agreement, failure to meet applicable professional standards, or a series of lesser violations, and if the employee would reasonably be expected to have knowledge of the aforementioned."

Due process is defined in policy 3-0130 as

> ". . . a legal check designed to ensure an employee: 1) is informed of what action is being taken and the reasons for it, and 2) has an opportunity to respond to and question the action and to defend or explain the questioned behavior or actions."

The application of the above rules may be challenged through the grievance policy, 3-0125, which was designed in part to "guarantee all eligible State employees a consistent, expeditious and equitable means of adjusting grievances." We find that the Department of Livestock failed to apply its own regulations

to Margaret Nye, and thereby violated public policy.

Margaret Nye was terminated from her probationary status position as an office clerk V for performance deficiencies related to that position. In that termination, the Department followed its termination and grievance procedures. However, the same procedures were not applied to the permit clerk position in which Nye had achieved permanent status. "'Permanent status' means the state an employee attains after satisfactorily completing an appropriate probationary period in a permanent position." 2-18-101(6), MCA [now 2-18-101(10), MCA]. Having completed her probationary period, Nye had permanent status in the permit clerk job. The fact that she chose to attempt to advance within the Department did not eliminate her permanent status in the permit clerk position. Before the Department could remove Nye from the permit clerk position in which she had permanent status, the Department had the obligation to follow the public policy expressed in its own regulations.

There was no showing of "just cause" for removing Nye from her permanent status in the permit clerk position. She was entitled to proper termination from her permanent position. The discipline policy defines "employee" as "all employees who have served a probationary period and are in permanent employment status with the state of Montana." Margaret Nye was denied a "consistent, expeditious and equitable" resolution of her problem, contrary to the public policy expressed in the discipline and grievance policies adopted by the Department of Livestock.

The record indicates that the Department did not realize or recognize that it had an obligation to follow the same procedure with regard to the permit clerk position as was

required for the office clerk V position. It appears this will require a change in policy so far as Department operations are concerned. Under such circumstances it appears fair to give the Department the opportunity to conduct further hearings and follow the procedures under its regulations to determine if the Department and Nye may work out an acceptable solution of the claim.

We affirm the action of the District Court in denying the petition for judicial review and in dismissing the claim of damages for slander. We, therefore, remand the case to the District Court with the following instructions:

(1) Enter an appropriate order reinstating the complaint of Nye so far as the claim of wrongful discharge is concerned.

(2) Enter an appropriate order holding the cause in abeyance for such a period of time as the District Court shall determine to be reasonable in order to give the Department of Livestock and the claimant an opportunity to determine if Nye shall be immediately reinstated in her permit clerk job, or if the Department desires to terminate her in that position, to follow the procedures provided in the Department regulations, with the aim of securing a fair resolution of the dispute between the parties.

(3) In the event that an equitable resolution of the controversy is not achieved, the District Court shall enter such further order as is appropriate to allow the amendment of the complaint for wrongful discharge and proceed to trial of the case.

Justice

We Concur:

_Frank D. Haswell_
Chief Justice

_Gene B. Daly_

_Frank B. Morrison_

_John C. Sheehy_
Justices