*177 MR. JUSTICE MORRISON,
dissenting:
The majority opinion simply fails to address the paramount issue presented in this appeal. That issue is:
WHERE A CAUSE OF ACTION CAN BE STATED FOR A WRONGFUL TERMINATION OR WRONGFUL FAILURE TO HIRE, CAN THAT CAUSE OF ACTION BE ELIMINATED WITHOUT OFFENDING THE ACCESS CLAUSE OF THE MONTANA CONSTITUTION?
Nick was terminated in 1981 and shortly thereafter applied for two similar jobs, but did not receive either. Nick was entitled to preference points under the veterans’ preference statute then in existence. If Nick had a claim, the merits of which are not before this Court, that claim had ripened prior to the legislative repeal in 1983.
This case does not involve the question of whether veterans’ preference points are gratuity which can be taken by the legislature. I do agree that a statute granting preference points can be repealed. In other words, a veteran is not entitled to preference points for the life of the veteran simply because they existed at the time the veteran entered the service.
Nick alleges that he was terminated and not rehired because the State of Montana failed to comply with the legal mandate granting preference points. Rather than seek a reopening of the bidding process, Nick sued for damages. The damages claimed arose out of a wrongful discharge and wrongful failure to rehire in that the State failed to follow the law and therefore violated public policy. Such a cause of action is recognized in Montana. Nye v. Department of Livestock (1982), 196 Mont. 222, 639 P.2d 498.
Nick alleges damages. If it be true that the State violated the law in failing to give preference points and Nick was damaged, the cause of action ripened at the time the State acted. At that point Nick had a claim for damages which had value, if true. In enacting the legislation in 1983, and applying it retroactively, the legislature abolished a cause of action for damage to Nick’s property interest which was, at that time, recognized by law.
Article II, Section 16 of the 1972 Montana Constitution provides:
“The administration of justice. Courts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character.”
We have interpreted this section to afford a constitutional right to *178 full legal redress for every injury to person or property. White v. State of Montana (Mont. 1983), [203 Mont. 363,] 661 P.2d 1272, 40 St.Rep. 507.
The constitutional right stated in Article II, Section 16 has not been held by this Court to be an absolute right. Rather we have held that the right, being stated in the Declaration of Rights section of the Constitution, is fundamental in character. Being a fundamental right, classification systems which discriminate among litigants are subjected to a strict scrutiny analysis.
Here we have a group of people, veterans and handicapped persons, who had a cause of action when their preference points were unlawfully taken from them. All other employees who were terminated by the State or other employers, in violation of the law, have a recourse in the court system. Veterans are singled out and are denied any recourse although the law was violated in their discharge. Such treatment of veterans, the group to which Nick belongs, must be strictly scrutinized and the discriminatory scheme fail unless there is a compelling state interest shown. White v. State of Montana, supra.
The State cannot satisfy a compelling state interest showing by a mere claim on the legislature’s part that a compelling state interest exists. White v. State of Montana, supra. The majority opinion does not even contend that a compelling state interest has here been shown.
The discrimination against veterans who had a cause of action and were entitled to redress under the Constitution must fail when subjected to a strict scrutiny analysis. I would remand this case for trial.