No. 85-635

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

THE BOARD OF TRUSTEES, CLINTON
ELEMENTARY SCHOOL DISTRICT #32,
MISSOULA COUNTY,

        Plaintiffs and Appellants,

-vs-

THE BOARD OF TRUSTEES, BONNER
ELEMENTARY SCHOOL DISTRICT #14,
et al.,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Garnaas, Hall & Pinsoneault; H. J. Pinsoneault,
        Missoula, Montana

    For Respondent:

        Robert L. Deschamps, III, County Attorney, Missoula,
        Montana
        Michael W. Sehestedt, Deputy County Attorney, Missoula

---

Submitted on Briefs: April 10, 1986

Decided: May 29, 1986

Filed: **MAY 29 1986**

---

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Plaintiffs appeal the October 21, 1985, order of the Fourth Judicial District Court affirming the decision of defendants to transfer territory from Clinton Elementary School District No. 32 to Bonner Elementary School District No. 14. We affirm.

In May 1984, residents of the Sunwood Acres Subdivision petitioned the Missoula County Superintendent of Schools to transfer their part of the subdivision from Clinton School District #32 to Bonner School District #14. The petition stated that the territory to be transferred was contiguous to the Bonner School District and not within 3 miles of the Clinton School, and that such transfer would not reduce the taxable value of the Clinton School District to less than $100,000. The petition gave the following reasons for the transfer request: 1) The distance to the Clinton School is 8 miles, while it is only 3 miles to the Bonner School; 2) A phone call from Sunwood Acres to the Clinton School is a long distance call; 3) Inclusion of the entire subdivision within the same school district would lessen the bus traffic through the area; 4) Neighbors within the subdivision would be permitted to attend the same school; 5) Such a transfer would conserve time, cost, mileage, and inconvenience for the residents as well as the two school districts.

Following proper notice, a public hearing was held on the proposal on June 27, 1984, conducted by the County Superintendent. An official transcript of the hearing was not taken, however a list of those testifying was prepared reflecting the number in favor of the proposal and the number in opposition. The County Superintendent granted the request by order dated July 5, 1984, which included the following:

2

Having heard all testimony and received all the information pertinent to this matter, the Missoula County Superintendent considers it advisable and in the best interests of the residents of the territory in question to grant the petitioned request.

None of the residents in the area to be transferred testified in opposition to the proposed transfer, and many showed support of the transfer. Since the residents of any territory are better able to determine what is in their own best interests, the County Superintendent hereby orders the change in the Bonner School District No. 14 and Clinton School District No. 32 boundaries to coincide with petitioned request.

Pursuant to § 20-6-213(4), residents of Clinton School District #32 opposing the transfer appealed the decision to the Board of County Commissioners. Following proper notice, a public hearing was held before the Board on August 22, 1984. The minutes of the public hearing reflect that five residents of Sunwood Acres testified in favor of the transfer, one Sunwood Acres resident suggested a joint school district, and the Clinton Superintendent of Schools strongly opposed the transfer. No further evidence was presented. Following testimony, the Board voted to uphold the order of the County Superintendent granting the transfer request. The Board did not issue an order concerning its decision nor make findings of fact supporting the decision.

Thereafter, residents of Clinton School District #32, presented a petition to the Board requesting the question of transfer be submitted to a vote of the people in Clinton School District #32, as authorized by § 20-6-213(4), MCA. The Board rejected the petition determining that § 20-6-213(4), MCA, requires a petition signed by the majority of electors who reside in the territory to be transferred, and that the petition was not signed by a majority of the electors residing in the part of Sunwood Acres to be transferred.

3

The Clinton Board of Trustees subsequently filed a Complaint for Declaratory Relief in District Court requesting (1) the order of the County Superintendent be declared invalid for failure to include findings of fact and (2) a petition filed under § 20-6-213, MCA, must be signed by a majority of the electors of the whole district from which the territory is to be transferred. The case was submitted to the court for decision based upon the record, including an Agreed Statement of Facts. The District Court entered judgment in favor of defendants, finding that their actions regarding the transfer were in compliance with § 20-6-213, MCA, and that a petition seeking transfer of territory from one elementary district to another must be signed only by a majority of the electors residing in the territory to be transferred. Plaintiffs appeal the District Court judgment and raise the following issues:

1. Are the actions of the defendants regarding the subject matter of this action regular, valid, and in compliance with § 20-6-213, MCA?

2. Under § 20-6-213, MCA, must a petition seeking transfer of territory from one elementary school district to another be signed by a majority of the electors of the district from which the territory is to be transferred?

At the outset, we note that the 1985 legislature exempted school districts from the provisions of the Montana Administrative Procedure Act (MAPA) pursuant to § 2-4-102(2)(b), MCA. However, this case arose during 1984, and the actions of the County Superintendent were subject to MAPA provisions. Yanzick v. School District #23 (1982), 196 Mont. 375, 639 P.2d 498.

4

Plaintiffs contend that defendants' actions were not in compliance with § 20-6-213, which provides in pertinent part as follows:

20-6-213. Transfer of territory from one elementary district to another. (1) A majority of the electors of any elementary district who are qualified to vote under the provisions of 20-20-301 and who reside in territory which is a part of an elementary district may petition the county superintendent to transfer such territory to another elementary district when:

(a) such territory is contiguous to the district to which it is to be attached;

(b) such territory is not located within 3 miles, over the shortest practical route, of an operating school of the district from which it is to be detached;

(c) the transfer of such territory will not reduce the taxable value of the district to less than $100,000 unless the remaining territory of the district will contain not less than 50,000 acres of nontaxable Indian land; and

(d) the board of trustees of the school district that would receive the territory has approved the transfer.

(2) The petition shall be addressed to the county superintendent and shall:

(a) describe the territory that is requested to be transferred and to what district it is to be transferred;

(b) state the reasons why such transfer is requested; and

(c) state the number of elementary school-age children residing in such territory.

. . .

(4) The county superintendent shall conduct the hearing as scheduled, and any resident or taxpayer of the affected districts shall be heard. If the county superintendent considers it advisable and in the best interests of the residents of such territory, he shall grant the petitioned request and order the change of district boundaries to coincide with the boundary description in the petition. Otherwise, he shall, by order, deny the request. Either of the orders shall be final 30 days after its date unless it is appealed to the board of county commissioners by a resident or taxpayer of either district affected by the territory transfer. The decision of the board of county commissioners, after a hearing on such matter and consideration of the material presented at the county superintendent's hearing, shall be final 30 days after its date unless a petition to submit the question to a vote of the people in the district from which the land is to be transferred, which has been signed by a majority of the electors of the district who reside in the territory to be transferred and who are qualified to vote in

5

elections for that district under 20-20-301, is presented prior to that time . . .

The order issued by the County Superintendent did not contain a finding that the four elements of a valid petition listed under § 20-6-213(1), MCA, were met, nor did the order contain findings supporting the conclusion that a transfer was in the best interests of the residents of the affected territory. The Board of County Commissioners affirmed the order without making any findings. Plaintiffs assert the lack of findings in the record was error and makes court review of the transfer decision impossible. The District Court ruled against plaintiffs on this matter, holding that plaintiffs had waived the issue of findings by submitting to it an agreed statement of facts, and that plaintiffs' failure to request findings at an earlier stage in the proceedings barred reversal for lack of findings under § 2-4-704(2)(g), MCA.

Section 2-4-623(1), MCA, requires that a final decision in a contested case shall include findings of facts. Although the County Superintendent did not comply with this provision, there is substantial evidence in the record supporting his decision to grant the transfer. Testimony given at each hearing reflects that Sunwood Acres residents were unanimous in their support of the transfer proposal, while opposition testimony was minimal. Plaintiffs do not contend that any of requisite facts for transfer under § 20-6-213, MCA, have not been met, nor do they contend the transfer was not in the best interests of the residents of such territory.

Our standard of review under § 2-4-704, MCA, is limited. Section 2-4-704(2)(g), MCA provides: "The court may reverse or modify the decision if substantial rights of the appellant

6

have been prejudiced because findings of fact, upon issues essential to the decision, were not made although requested." Plaintiff did not request findings of fact from either the County Superintendent or the Board of County Commissioners. Pursuant to § 2-4-704(2)(g), MCA, such failure bars court reversal for lack of fact findings. We find substantial credible evidence in the record supporting the order of the County Superintendent granting the transfer. Plaintiffs have failed to make any showing that such order was an abuse of discretion; therefore we affirm the decision of the County Superintendent.

The second issue raised by plaintiffs involves interpretation of § 20-6-213(1), MCA. The disputed provision reads: "A majority of the electors of any elementary district who are qualified under the provisions of 20-20-301 and who reside in territory which is part of an elementary district may petition the county superintendent to transfer such territory . . ." Plaintiffs contend the petition must be signed by a majority of the electors of the district who live in the area to be transferred. The District Court held that the provision requires the petition to be signed only by a majority of the electors residing in the territory to be transferred and need not be signed by a majority of the electors in the district from which the territory is to be transferred.

We agree with the interpretation of the District Court. Under plaintiffs' interpretation, residents of a small territory within a district, such as in the present case, could never file a valid petition because a majority of the electors do not reside within such territory. Our statutorily mandated duty under §§ 1-3-232, and 1-3-233, MCA, is to favor the interpretation which is reasonable and gives

7

effect to the statute in question.  We reject plaintiffs'
interpretation as it would render the statute useless.

The District Court is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

8