JUSTICE LEAPHART,
specially concurring.
¶136 I concur in the Court’s resolution of Issues 1,2,4,5 and 6.1 specially concur as to Issue Number 3: qualified immunity. As the Court recognizes, in analyzing whether an official is entitled to qualified immunity, a court must identify the right violated, determine whether the right was clearly established at the time of the violation and, if the right was clearly established, determine whether a reasonable person or official would have known that his or her conduct violated that right. Hamilton v. Endell (1992), 981 F.2d 1062, 1066; Orozco v. Day (1997), 281 Mont. 341, 350, 934 P.2d 1009, 1014. The Court then goes *249 on to apply qualified immunity based on its conclusion that, given the state of case law as of the time of the defendants’ entry into Dorwart’s home, it was not clearly established that an entry into Dorwart’s home pursuant to a writ of execution violated his right to be free from unreasonable searches and seizures.
¶ 137 I, too, would find qualified immunity but for somewhat different reasons. “Qualified immunity ‘gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law.’ ” Boreen v. Christensen (1996), 280 Mont. 378, 383-84, 930 P.2d 67, 70 (quoting Hunter v. Bryant (1991), 502 U.S. 224, 229, 112 S.Ct. 534, 537, 116 L.Ed.2d 589, 596 (citation omitted)). I would conclude that the right to be free from unreasonable searches and seizures is (and was) clearly established under Article II, Section 11 of the Montana Constitution, but that, given the state of the case law as of the date of the entry and given that the process utilized by Ames and Caraway is the same as has been used by levying officers in this state since territorial days, a reasonable person or official would not have known that his or her conduct violated that right.
* * *