STATE ex rel. ALBRECHT, Relator, v. DISTRICT COURT OF FIFTH JUDICIAL DISTRICT In and For MADISON COUNTY Respondent.

No. 9220.
Submitted July 21, 1952. Decided July 31, 1952.
246 Pac. (2d) 1035.

Mr. John M. Comfort, Virginia City, Mr. Robert J. Holland, Mr. David L. Holland, Butte, for relator.

Mr. Floyd O. Small, Mr. H. L. McChesney, Mr. Clayton R. Herron, Helena, for respondent.

Mr. Robert J. Holland, Mr. David L. Holland and Mr. Floyd O. Small argued orally.

MR. CHIEF JUSTICE ADAIR:

Prohibition. Original proceeding. The relatrix · Betty Lou Albrecht, as guardian of the person and estate of Dixie Lee Felton, a minor, petitions this court for a writ of prohibition to prohibit the respondent district court from entertaining an appeal by Idaho Compensation Company and Jack D. Gay, doing business as Sage Lumber Company. The Idaho Compensation Company is an insurance carrier under plan No. 2 of the Workmen's Compensation Law and Gay was the alleged employer of the deceased workman.

On November 25, 1949, Dale Ellsworth Felton died from injuries that day received in a logging operation accident in Hell's Canyon near Twin Bridges in Madison county, Montana. The decedent left surviving him a dependent infant daughter, Dixie Lee Felton, then but two years of age.

Following her appointment as guardian of the person and estate of said dependent infant, the relatrix, Betty Lou Albrecht, filed a claim for compensation on behalf of such infant which claim was resisted and contested by both the insurance carrier and the alleged employer who specifically denied that the decedent Dale Ellsworth Felton was engaged in his employment for Sage Lumber Company at the time of receiving his fatal injuries.

On November 19, 1951, and after a series of hearings, the industrial accident board of the state of Montana, made and issued its findings, conclusions, decision and order wherein it found and determined that the decedent was killed while in the employ of the respondent employer Jack D. Gay, doing business

as Sage Lumber Company; that decedent's infant daughter Dixie Lee Felton is entitled to compensation and that respondents should make payment thereof to the claimant at twenty dollars per week for five hundred weeks from the date of the death of the decedent.

R. C. M. 1947, sec. 92-829, provides that any party aggrieved by any order or decision of the board may within the time and upon the grounds therein enumerated apply for a rehearing. Pursuant to such statute the Idaho Compensation Company filed with the industrial accident board its petition for rehearing on the order and decision so made against it.

On February 18, 1952, the industrial accident board made and issued its order denying and dismissing the insurance carrier's aforesaid petition for rehearing.

On February 26, 1952, written notice of the board's order and decision denying the insurance carrier's petition for rehearing was served on the claimant, the insured and the claimed employer.

A statute provides for the taking of an appeal to the district court by any party affected by the board's order or decision determining the petition for rehearing and it fixes the time within which such appeal may be taken. R. C. M. 1947, sec. 92-833, provides: "Appeal to district court. Within thirty days (30) after the application for a rehearing is denied, *or, if the application is granted, within thirty days (30) after the rendition of the decision on the rehearing,* and within twenty days (20) after notice thereof, any party affected thereby may appeal to the district court * * * and said appeal shall be for the purpose of having the lawfulness of the original order, decision, or award, or order, decision or award on rehearing inquired into and determined." (Italics ours.)

The provisions of such statute so fixing the time within which an appeal may be taken are mandatory and jurisdictional. That portion of the above statute set forth in italics applies only to an order or decision wherein an application for

rehearing is granted. Such italicized portion does not apply to the instant case wherein the application for a rehearing was denied. In this case the appeal may be taken "within thirty days (30) after the application for a rehearing is denied * * and within twenty days (20) after notice thereof * * *." (Sec. 92-833, supra.) The thirtieth day from and after February 18, 1952, the date whereon respondents' petition for rehearing was denied, was March 19, 1952, and the twentieth day from and after February 26, 1952, the date whereon notice of the board's order and decision was served, was March 17, 1952. Under either provision the appeal to the respondent district court was neither served nor filed in time.

R. C. M. 1947, sec. 92-834, provides: "How appeal taken— notice—record—trial. Said appeal shall be taken by serving a written notice of said appeal upon the chairman of such industrial accident commission, or upon any other member thereof, which said service shall be made by the delivery of a copy of such notice to such chairman or member, and filing the original with the clerk of the court to which said appeal is taken. * * *"

It was not until March 25, 1952, being 36 days after the application for rehearing was denied and 28 days after notice of such order and decision of the board was received by the Idaho Compensation Company, that such company served its written notice of appeal upon the chairman of the Industrial Accident Commission stating that it was appealing to the district court of Madison county from the board's decision, order and award of November 19, 1951, and from the board's order and decision of February 18, 1952, denying the insurance carrier's petition for rehearing.

On March 26, 1952, the Idaho Compensation Company served its notice of appeal upon claimant's counsel. Also on March 26, 1952, the clerk of the district court of Madison county received such notice of appeal. However, no appearance or filing fee accompanied such notice and it was neither endorsed nor marked

as filed in the office of the clerk of court until April 2, 1952, when presumably the required filing fee was paid to such clerk.

On May 16, 1952, the claimant served upon defendant Idaho Compensation Company and upon the industrial accident board a written motion to dismiss the purported appeal of the Idaho Compensation Company, together with a written notice of the time when such motion would be called up, presented and heard.

On June 27, 1952, and following the submission and argument of the claimant's motion to dismiss the appeal, the respondent district court of Madison county, the Honorable Lyman H. Bennett, district judge presiding, made and entered an order denying claimant's motion to dismiss the appeal. The ground upon which the claimant sought the dismissal was that the notice of appeal was not served or filed until after the expiration of the time allowed by statute therefor (sec. 92-833, supra) by reason whereof the respondent district court was and is without jurisdiction to entertain that or any appeal in the matter.

It is quite apparent that respondents failed to take an appeal within the time prescribed by statute (R. C. M. 1947, sec. 92-833, supra); hence the attempted appeal is ineffective for any purpose. Such attempted appeal wholly failed to confer upon the respondent district court any jurisdiction to hear or determine the purported appeal or to inquire into or determine the lawfulness of the order, decision or award or the subsequent order and decision of the board denying respondents' petition for rehearing. For these reasons the claimant's motion to dismiss the appeal, which directly challenged the jurisdiction of the respondent district court, should have been granted.

It is therefore ordered that the clerk of the respondent district court enter an order annulling and setting aside the order of the respondent district court of June 27, 1952, and that in lieu thereof said clerk enter an order dismissing respondents' appeal for want of jurisdiction in the respondent district court to hear or determine the same.

Let a peremptory writ issue perpetually restraining the respondent district court from hearing, entertaining or deter-

mining the appeal of respondents or either of them. It is so ordered.

ASSOCIATE JUSTICES METCALF, BOTTOMLY, FREE-BOURN and ANGSTMAN, concur.