No. 93-053

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

MCI TELECOMMUNICATIONS CORP.,

Petitioner and Appellant,

vs.

MONTANA DEPARTMENT OF PUBLIC SERVICE
REGULATION, PUBLIC SERVICE COMMISSION,
DANNY OBERG, JOHN DRISCOLL, ROBERT
ANDERsON, WALLACE MERCER and TED MACY,

Defendants and Respondents.



FILED

AUG 2 6 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis & Clark,
                The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Leo Berry, Browning, Kaleczyc, Berry & Hoven,
            Helena, Montana; Sue Weiske MCI Telecommunications
            Corp, Denver, Colorado

        For Respondents:

            Ivan C. Evilsizer, Montana Public Service
            Commission, Helena, Montana: John Alke, Hughes,
            Xellner, Sullivan & Alke, Helena, Montana; T. Larry
            Barnes, AT&T Communications, Denver, Colorado:
            Robert A. Nelson, Montana Consumer Counsel! Helena,
            Montana: Mary Piper, Kansas City, Missouri; Dennis
            R. Lopach, U.S. West Communications, Helena,
            Montana; Mike Manion, Butte, Montana

                            Submitted on Briefs:  May 27, 1993

                                    Decided:  August 26, 1993

Filed:

_____
                Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is appeal by MCI Telecommunications Corp. (MCI) from the order of the District Court of the First Judicial District, Lewis and Clark County, which granted defendants' Motion to Dismiss appellant's Petition for Judicial Review. The District Court denied judicial review of the Public Service Commission's order on the grounds that the District Court lacked jurisdiction over the petition. We reverse.

The sole issue for our review is whether Rule 6(e), M.R.Civ.P., applies to petitions in district courts for judicial review of administrative decisions.

After several proceedings in this administrative action, the Montana Public Service Commission (Commission) issued its Order No. 5548c on May 18, 1992, which denied MCI's motion for reconsideration of a Commission ruling. The Commission mailed a copy of the order to MCI on May 19, 1992. MCI did not receive the copy of the order until May 21, 1992. On June 19, 1992, MCI filed its Petition for Judicial Review.

The Commission moved to dismiss MCI's petition on the grounds that the District Court lacked jurisdiction over the petition, claiming that the petition was filed 31 days after service. The District Court granted the Commission's motion to dismiss and MCI now appeals this dismissal.

Did the District Court err in dismissing appellant's petition for judicial review because it was not timely filed?

Section 2-4-702, MCA, provides that a person may institute

2

proceedings for judicial review of an administrative decision after all administrative remedies have been exhausted. This section, part of the Montana Administrative Procedure Act (MAPA), further provides in pertinent part:

> (2)(a) Proceedings for review shall be instituted by filing a petition in district court within 30 days after service of the final decision of the agency . . .

Section 2-4-702(2)(a), MCA (emphasis supplied). Noting that this indeed produced a harsh result and that the court would rather see every dispute decided after both sides are "fully and fairly allowed to present their evidence and arguments to a court," the District Court nevertheless determined that service was complete when the Commission mailed a copy of the order to MCI on May 19, 1992 and that MCI's petition for judicial review was filed one day too late.

An appeal filed after the time prescribed by statute is ineffective for any purpose and thus fails to confer jurisdiction upon the district court to review an administrative agency's decision. State ex rel. Albrecht v. District Court (1952), 126 Mont. 178, 182, 246 P.2d 1035, 1037. The timely filing of a notice of appeal is mandatory and jurisdictional. Albrecht, 126 Mont. at 180, 246 P.2d at 1036.

MCI contends that Rule 6(e), M.R.Civ.P., applies to this administrative proceeding and that by applying Rule 6(e), its petition for judicial review was filed on the 28th day after service and was timely filed. Rule 6(e), M.R.Civ.P., provides:

> Rule 6(e). Additional time after service by mail. Whenever a party has the right or is required to do some

3

> act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, <u>3 days shall be added to the prescribed period.</u> (Emphasis supplied.)

The Commission argues that Rule 6(e) does not apply because its effect is to extend the jurisdiction of the district court beyond thirty days, which is not allowed by Rule 82, M.R.Civ.P. Rule 82, M.R.Civ.P., provides:

> Rule 82. Jurisdiction and venue unaffected. Except as provided in Rule 4 these rules shall not be construed to extend or limit the jurisdiction of the district courts of Montana or the venue of actions therein.

The commission argues that service of notice was complete on the day it mailed a copy of the order to MCI.

The Commission relies on numerous cases from federal courts and other states to support its argument that Rule 6(e) does not apply in an appeal from an administrative agency decision to the district court. We have reviewed these cases and found them unpersuasive because they address the applicability of Rule 6(e) in cases where statutes define service as either the date of mailing or the date of receipt of notice. See, e.g., Ramsdell v. Ohio Civil Rights Comm'n (Ohio 1990), 563 N.E.2d 285.

The district court's jurisdiction is controlled by the period of time prescribed by the legislature and is limited to the time provided by the applicable statute. The right to an appeal of an administrative agency's ruling is created by statute and is limited by the provisions of the statute as to the time within which the right must be asserted. Zeller v. Folsom (N.D.N.Y. 1956), 150 F. Supp. 615, 617. Where the time for filing an appeal is dictated by

4

the statute which confers the right to appeal, Rule 6(e) cannot be applied to extend the time for filing as this would be an extension of the court's jurisdiction. In this case, the time to appeal is not dictated by any statute which prescribes that service is complete when placed in the mail as the Commission contends.

The 3-day extension applies only where the time period for doing an act runs from the time of service of notice. This 3-day period is computed separately and determines the date when the 30-day time for appeal begins to run. The Wyoming Supreme Court quoted the rationale for the 3-day extension in Rule 6(e) as follows:

> [T]he rule clearly is intended to protect parties who are served notice by mail from suffering a systematic diminution of their time to respond through the application of Rule 5(b), which provides that service is complete upon mailing, not receipt: the additional three days provided by Rule 6(e) to the party being served represent a reasonable transmission time, and a fair compromise between the harshness of measuring strictly from the date of mailing and the indefiniteness of attempting to measure from the date of receipt, which in many cases would be unverifiable.

Sellers v. Employment Sec. Comm'n of Wyo. (Wyo. 1988), 760 P.2d 394, 397 (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1171 at 514-15 (1987)). As in Sellers, the appeal period in this case is triggered by sending notice in the mail.

Neither MAPA nor the Commission rules define "service." Section 2-4-106, MCA, provides:

> Service. Except where a statute expressly provides to the contrary, service in all agency proceedings subject to the provisions of this chapter and in proceedings for judicial review thereof shall be as

5

prescribed for civil actions in the district courts. The Commission argues that § z-4-106, MCA, merely provides for the manner of service to be the same as civil actions in the district courts.

We have previously stated that "service" under MAPA is governed by the Montana Rules of Civil Procedure unless a statute expressly provides otherwise. Rierson v. State (1980), 188 Mont. 522, 527, 614 P.2d 1020, 1023 (citing § 2-4-106, MCA). This is consistent with the Ramsdell case cited above.

Our treatment of workers' compensation appeals to this Court provides further persuasion for treating administrative agency appeals to district courts in a manner similar to other proceedings. In a workers' compensation case which challenged the timeliness of an appeal to the district court, this Court noted that proceedings in the Workers' Compensation Court are governed by MAPA and, therefore, § 2-4-623, MCA, applies to require service by mail or personally. Dumont v. Wickens Bros. Constr. Co. (1979), 183 Mont. 190, 200, 598 P.2d 1099, 1105. We further stated:

> [A] person who appeals from a final decision of the Workers' Compensation Court should in all fundamental fairness be given the same benefit of that provision of Rule 5, M.R.App.Civ.P., which states that:
>
> ". . . except that in cases where service of notice of entry of judgement is required by Rule 77(d) of the Montana Rules of Civil Procedure the time shall be 30 days from the service of notice of entry of judgment."
>
> This would mean, as is already the case where Rule 77(d), M.R.Civ.P., is applicable, that when service of the notice of the final decision of the Workers' Compensation Court is made as mandated by section 2-4-623 MCA and that service was made by mail, the provisions of Rule 21(c) M.R.App.Civ.P., are automatically put into

play adding three days to the prescribed 30-day time limit for filing the notice of appeal.

. . . Rule **21(c)** comes into play adding three days to the prescribed period and the 33rd and final day for filing the notice of appeal was November 2, 1978. Thus, claimant's appeal was timely--not one day late as respondent claims.

Dumont (1979), 183 Mont. 190, 200, 598 **P.2d** 1099, 1105.

The appeal in Dumont was from the Workers' Compensation Court directly to the Montana Supreme Court and thus was governed by the Rules of Appellate Procedure. Rule 21(c), **M.R.App.P.,** is the equivalent of Rule 6(e), M.R.Civ.P. The provision in § 2-4-623, MCA, requiring notice either personally or by mail is identical to Rule 77(d), M.R.Civ.P., insofar as requiring notice of decisions in workers' compensation cases. In Dumont, this Court interpreted § 2-4-623, MCA, as requiring that 3 days be added to the prescribed 30-day time limit for filing a notice of appeal in the Supreme Court for an appeal from the Workers' Compensation Court.

We conclude that there is a need for uniformity and fairness in the application of rules relating to the time when an appeal begins to run. The 30-day appeal period cannot begin to run until the effective date of service. Section 2-4-106, MCA, of **MAPA** does not define **"service"** but it provides that service in agency proceedings be as prescribed for civil actions in the district courts. Because **MAPA** uses the term **"service"** but does not define when service is effective, § 2-4-106, MCA, requires that Rule 6(e) be applied to define when service by mail is complete for administrative decisions. We conclude that service was not effective upon MCI until May 22, 1992, three days after mailing

7

notice of the Commission's order. We further conclude that the 30-day period allowed for filing a petition for judicial review began to run on May 23, 1992, the day following service by mail, that the petition was filed within thirty days and that the District Court had jurisdiction to hear this appeal.

We hold the District Court erred in dismissing appellant's petition for judicial review for lack of jurisdiction.

Reversed and remanded.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8

August 26, 1993

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Leo Berry, Esq.
Browning, Kaleczyc, Berry & Hoven, P.C.
P.O. Box 1697
Helena, MT 59624

Sue E. Weiske
MCI Telecommunications Corp.
707-17th ST., Ste. 3900
Denver, CO 80202

Ivan C. Evilsizer, Esq.
Montana Public Service Commission
1701 Prospect Ave.
Helena, MT 59620-2601

John Alke, Esq.
Hughes, Kellner, Sullivan & Alke
P.O. Box 1166
Helena, MT 59624

T. Larry Barnes
AT&T Communications
1875 Lawrence St., Rm. 1575
Denver, CO 80202

Robert A. Nelson
Montana Consumer Counsel
34 W. 6th Ave.
Helena, MT 59620

Mary Piper
8140 Ward Pardway, 5E
Kansas City, MO 64114

Dennis R. Lopach
U.S. West Communications
560 N. Park Ave.
Helena, MT 59624

Mike Manion
40 E. Broadway
Butte, MT 59701

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy