No. 99-240

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 192

295 Mont. 357

983 P.2d 968

IN RE THE SUPPORT OF MARK T. McGURRAN,

Obligor.

DEBRA UDELHOVEN,

Petitioner and Appellant,

v.

STATE OF MONTANA, DEPARTMENT OF PUBLIC HEALTH &

HUMAN SERVICES, CHILD SUPPORT ENFORCEMENT DIVISION,

No

and

MARK T. McGURRAN,

Respondents and Respondents.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis & Clark,

The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

E. Wayne Phillips; Hubble, Ridgeway & Phillips, Stanford, Montana

(for Debra Udelhoven)

For Respondents:

David N. Hull, Attorney at Law, Helena, Montana (for Mark T. McGurran)

No

Lonnie J. Olson, Department of Health & Human Services, Child Support

Enforcement Division, Helena, Montana

Submitted on Briefs: July 29, 1999

Decided: August 12, 1999

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. Debra Udelhoven (Udelhoven) appeals from the order of the First Judicial District Court, Lewis and Clark County, dismissing her petition for judicial review of the order of an administrative law judge for the Child Support Enforcement Division of the Montana Department of Public Health and Human Services (CSED). We affirm.**

**¶2. The sole issue on appeal is whether the District Court abused its discretion in dismissing Udelhoven's petition for judicial review for lack of subject matter jurisdiction.**

## BACKGROUND

**¶3. Udelhoven and the CSED initiated a child support action against Mark T. McGurran. On September 14, 1998, an administrative law judge for the CSED issued a Financial and Medical Support Order (hereinafter, the administrative order).**

¶4. Pursuant to § 2-4-702(2)(a), MCA, the parties had 30 days within which to petition for judicial review of the administrative order by filing a petition in the district court for the county in which the petitioner resides, in this case, the First Judicial District Court for Lewis and Clark County. Five days before the filing deadline, Udelhoven prepared and mailed a Petition for Judicial Review of the administrative order. She erroneously mailed the petition to the CSED offices, however, rather than to the District Court. Upon discovering the error, Udelhoven prepared and mailed a second petition to the District Court. The court received the petition on October 21, 1998, two days after the filing deadline expired.

¶5. The CSED moved to dismiss Udelhoven's petition for review on the grounds that the petition was not timely filed and that, as a result, the District Court lacked subject matter jurisdiction to hear the case. Udelhoven filed a motion under Rule 6 (b), M.R.Civ.P., seeking an enlargement of time in which to file her petition and asserting that her failure to file the petition within the 30-day deadline had been the result of excusable neglect. The District Court denied Udelhoven's motion for enlargement of time and granted CSED's motion to dismiss.

¶6. Udelhoven then filed a motion under Rule 60(b), M.R.Civ.P., seeking relief from the court's order dismissing her petition and the court denied that motion. Udelhoven appeals from both the denial of her motion for enlargement of time under Rule 6(b), M.R.Civ.P., the dismissal of her petition for judicial review and the denial of her motion for relief under Rule 60(b), M.R.Civ.P.

## STANDARD OF REVIEW

¶7. We review a district court's grant of a motion to dismiss to determine whether the court abused its discretion. *Davis v. Davis* (1996), 277 Mont. 188, 190, 921 P.2d 275, 277. However, a district court's determination that it lacks jurisdiction over a matter is a conclusion of law which we review to determine whether the district court's interpretation of the law is correct. *Hilands Golf Club v. Ashmore* (1996), 277 Mont. 324, 328, 922 P.2d 469, 472.

## DISCUSSION

¶8. Did the District Court abuse it discretion in dismissing Udelhoven's petition for

judicial review for lack of subject matter jurisdiction?

¶9. Udelhoven contends that the District Court erred in dismissing her petition for lack of subject matter jurisdiction because Rule 6(b), M.R.Civ.P., authorized the court to extend the 30-day filing deadline on grounds of excusable neglect, thereby vesting itself with jurisdiction over the case.

¶10. More particularly, Udelhoven points out that this Court analogized a "petition for judicial review" to an "appeal" in *MCI Telecomm. Corp. v. Montana Dept. of Public Serv. Regulation* (1993), 260 Mont. 175, 179, 858 P.2d 364, 367. From that premise, Udelhoven argues that the district court's authority to extend filing deadlines for good cause under Rule 5(c), M.R.App.P., also exists, by analogy, to petitions for judicial review of administrative rulings. Moreover, she asserts that permitting the enlargement of filing deadlines for petitions for judicial review would constitute a "logical and judicious step" in light of this Court's holding in *MCI* with regard to the application of Rule 6(e), M.R.Civ.P., to petitions for judicial review.

¶11. Section 2-4-702(1)(a), MCA, permits a person who has exhausted the administrative remedies within an agency to seek judicial review in the district court. As a general rule, we encourage a liberal interpretation of procedural rules governing judicial review of administrative decisions, rather than taking an overly technical approach, so as to best serve justice and allow the parties to have their day in court. *Hilands Golf Club,* 277 Mont. at 330, 922 P.2d at 473.

¶12. A district court's authority to review administrative rulings, however, is constrained by statutes duly enacted by the Montana Legislature, including the applicable statute of limitations for such review. *MCI,* 260 Mont. at 178, 858 P.2d at 366. Here, the statute of limitations for filing a petition for judicial review of an administrative order is 30 days. *See* § 2-4-702(2)(a), MCA. Furthermore, Rule 82, M.R.Civ.P., expressly provides that, with exceptions not at issue in this case, "these rules shall not be construed to extend or limit the jurisdiction of the district courts of Montana or the venue of actions therein." Thus, the filing deadlines for petitions for judicial review are jurisdictional in nature, and the failure to seek judicial review of an administrative ruling within the time prescribed by statute makes such an "appeal" ineffective for any purpose. *MCI*, 260 Mont. at 177, 858 P.2d at 366 (citation omitted).

¶13. A district court's authority to extend certain deadlines in civil cases is found in Rule 6(b), M.R.Civ.P., which states in pertinent part:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

As a threshold matter, we note that Rule 6(b), M.R.Civ.P., by its terms, applies only to acts required by the rules of civil procedure or by court order. It does not apply to acts required within a statutory time frame provided by the Legislature and, therefore, Rule 6 (b) does not authorize the District Court to extend the filing deadline on Udelhoven's petition for judicial review.

¶14. Moreover, we find unpersuasive Udelhoven's argument that the District Court's authority to grant an extension of time to file a petition for judicial review exists by analogy to Rule 5(c), M.R.App.P. The time for filing an appeal is dictated by the statute which confers the right to appeal. *MCI*, 260 Mont. at 178, 858 P.2d at 366. While a district court's limited authority to extend filing deadlines on appeal to this Court is explicitly set forth in Rule 5(c), M.R.App.P., no comparable provision authorizes the extension of deadlines for petitions for judicial review of administrative rulings. To extend the jurisdiction of the District Court by analogy to a rule of appellate procedure not applicable in this case would directly contravene the Legislature's proper role in enacting statutes of limitations which limit that jurisdiction.

¶15. Udelhoven's reliance on our holding in *MCI* also is misplaced. The issue before us in *MCI* was whether the "three-day mail rule" set forth in Rule 6(e), M.R.Civ.P., applied to petitions for judicial review of administrative proceedings. We held that Rule 6(e), M.R.Civ.P., did apply in those cases. *MCI,* 260 Mont. at 180, 858 P.2d at 368. That holding, however, addressed only the manner in which the statutory 30-day filing deadline is to be calculated, not whether the district court could exercise jurisdiction after the expiration of the 30-day filing period.

¶16. We conclude that Rule 6(b), M.R.Civ.P., is not applicable to petitions for judicial review of administrative proceedings either by its terms or by analogy, inasmuch as the application of that Rule would operate to extend the jurisdiction of the district courts beyond that permitted by statute.

¶17. Udelhoven also argues that under Rule 60(b), M.R.Civ.P., the District Court had the authority to grant her relief from the order dismissing her petition under a similar standard of excusable neglect. This argument also is unpersuasive.

¶18. Rule 60(b), M.R.Civ.P., states in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .

¶19. In denying Udelhoven's motion for relief under Rule 60(b), M.R.Civ.P., the District Court determined there was no basis for setting aside its prior order because it was "automatically deprived of jurisdiction to entertain a petition for judicial review after the 30-day period has expired." We agree. Rule 60(b), M.R.Civ.P., cannot be applied to essentially "revest" jurisdiction where none existed in the first instance.

¶20. We hold that the District Court correctly concluded that it did not have jurisdiction to consider Udelhoven's petition for judicial review of the administrative order and that it did not abuse its discretion in dismissing her petition on those grounds.

¶21. Affirmed.

/S/ KARLA M. GRAY

No

We concur:

/S/ J. A. TURNAGE

/S/ TERRY N. TRIEWEILER

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON