No. 04-833

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 269

WILLIAM H. FLYNN,

                  Petitioner and Appellant,

     v.

UNINSURED EMPLOYERS' FUND and
DEAN CASTERLINE,

                  Respondents, Employer, and Respondents.


APPEAL FROM:    The Workers' Compensation Court,
                      Honorable Mike McCarter, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Darrell S. Worm, Ogle & Worm, PLLP, Kalispell, Montana

        For Respondent:

        Thomas E. Towe, Towe, Ball, Enright, Mackey & Sommerfeld, PLLP,
        Billings, Montana

        Arthur M. Gorov, Department of Labor and Industry, Helena, Montana


                Submitted on Briefs:  August 30, 2005

                            Decided:  October 31, 2005

Filed:

                _____
                                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Petitioner William H. Flynn appeals from the Order of the Montana Workers' Compensation Court denying both his Petition for Hearing and Motion for Reconsideration. We affirm.

¶2 We consider the following issue on appeal:

¶3 Does Rule 6(e), M.R.Civ.P., add three extra days to the ninety-day period provided by § 39-71-520, MCA (2001), for a claimant to request mediation following a determination by the Uninsured Employers' Fund that is mailed to the claimant?

BACKGROUND

¶4 On July 25, 2002, Petitioner William H. Flynn (Flynn) injured his back while lifting his employer, Dean Casterline (Casterline), out of a wheelchair. As Casterline did not have workers' compensation insurance, Flynn filed a claim with the Uninsured Employers' Fund (UEF).

¶5 Following review, UEF Claims Adjuster Bernadette Rice (Rice) issued a determination denying Flynn's claim, concluding that his injury resulted from household and domestic services, tasks which are statutorily exempted from the requirements of coverage under the Workers' Compensation Act. UEF's determination was dated November 21, 2002, and the mailing to Flynn was post-marked November 25, 2002, four days after the determination had been actually made.

¶6 The letter of determination cited § 39-71-520, MCA (2001), of the Workers' Compensation Act, explaining Flynn's option to "appeal to mediation" within ninety days

2

of Rice's decision under that statute. The letter also explained that if Flynn did not request mediation within ninety days, the matter would be deemed closed.

¶7 Flynn contacted Rice by phone on December 10, 2002, to discuss her determination, but he did not request mediation until February 22, 2002–ninety-three days after UEF's determination of November 21, 2002. Nevertheless, the Mediation Unit undertook Flynn's claim, opining that the ninety-day time limit did not begin until either the date of the determination's mailing, or the date that Flynn received the determination. Since the UEF's determination was mailed on November 25, 2002, use of that date allowed Flynn's February 22, 2003, request for mediation to be considered timely.

¶8 The Mediation Unit issued its report on May 7, 2003. In addition to its recommendations for resolution of the matter, it noted that Flynn's mediation request could only be timely if the ninety-day time period ran from his receipt of UEF's determination, rather than the date the determination had been issued.

¶9 Dissatisfied with the mediation report, Flynn filed a Petition for Hearing with the Workers' Compensation Court on May 12, 2004, over one year after the May 7, 2003, issuance of the mediation report. That court denied the petition, and Flynn's subsequent Motion for Reconsideration on the grounds that the request for mediation was untimely because it had been filed more than ninety days after the UEF's determination. The court concluded that, as a result, it lacked jurisdiction to hear the case.

¶10 Flynn appealed to this Court on November 19, 2004.

STANDARD OF REVIEW

¶11     The Workers' Compensation Court's order relied on conclusions of law. This Court reviews that tribunal's conclusions of law *de novo*, the standard being whether the interpretation of law was correct. *Stordalen v. Ricci's Food Farm* (1993), 261 Mont. 256, 258, 862 P.2d 393, 394.

DISCUSSION

¶12     The State of Montana created the Uninsured Employers' Fund (UEF) in 1977 to protect workers employed by uninsured employers. The UEF claims process begins when an injured employee files a First Report of Injury, which is assigned to a UEF claims adjuster who reviews the claim and makes a decision denying or granting benefits. Section 39-71-520, MCA (2001), grants a claimant the right to appeal the decision to the Mediation Unit within a ninety-day period. It provides:

> **Time limit to appeal**. A dispute concerning uninsured employers' fund benefits must be appealed to mediation within 90 days *from the date of the determination or the determination is considered final*.

Section 39-71-520, MCA (2001) (emphasis added). Thus, a claimant wishing to request mediation must do so within ninety days of UEF's determination.

¶13     If a claimant appeals to the mediation unit and is unsatisfied with the outcome, he or she may appeal to the Workers' Compensation Court. However, § 39-71-2408, MCA (2001), requires mediation before "either party may file a petition in the workers' compensation court." As noted in § 39-71-2406, MCA (2001), the purpose of the mediation requirement is to:

4

prevent when possible the filing in the workers' compensation court of actions by claimants or insurers relating to claims under chapter 71 or 72 of this title if an equitable and reasonable resolution of the dispute may be effected at an earlier stage.

Section 39-71-2406, MCA (2001). Failure to request mediation within ninety days prevents a party from seeking review of a UEF determination by the Workers' Compensation Court. *See* §§ 39-71-2408 and 39-71-2905, MCA (2001). As such, if Flynn's February 22, 2003, request for mediation was beyond the ninety-day statutory period, the Workers' Compensation Court's denial of Flynn's petition must be affirmed.

¶14    Flynn argues that his request for mediation was timely, and in contrast to the reasoning of the Workers' Compensation Court, argues that the ninety-day statutory period should begin to run, not from the date of the UEF determination, but rather, from the date the UEF determination was mailed. Further, Flynn argues that the three extra days provided by Rule 6(e), M.R.Civ.P., when service is by mail, is applicable to the time period under § 39-71-520, MCA (2001), citing *MCI Telecommunications Corp. v. Montana Dept. of Public Service Regulation* (1993), 260 Mont. 175, 858 P.2d 364, in support. Rule 6(e), M.R.Civ.P., states that:

> whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

For the following reasons, Flynn's argument fails.

¶15    First, *MCI Telecommunications* does not stand for the proposition that Rule 6(e), M.R.Civ.P., applies to every administrative appeal. To the contrary, *MCI*

5

*Telecommunications* held that "[w]here the time for filing an appeal is dictated by the statute which confers the right to appeal, Rule 6(e) cannot be applied to extend the time for filing as this would be an extension of the court's jurisdiction." *MCI Telecommunications*, 260 Mont. at 178, 858 P.2d at 366.

¶16   While the Court in *MCI Telecommunications* ultimately determined Rule 6(e), M.R.Civ.P., was applicable to the statute at issue in that case, that statute differed significantly from § 39-71-520, MCA (2001).   The statute at issue in *MCI Telecommunications*, § 2-4-702, MCA (1991), a provision of the Montana Administrative Procedure Act, required the filing of an appeal "within 30 days *after service* of the final decision." Section 2-4-702, MCA  (emphasis added).  As we noted therein, the term "service" was undefined in the statutory scheme at issue, and therefore created confusion as to when "service" was effective.  In response, the Court applied Rule 6(e), M.R.Civ.P., moving the statutory time window three days in favor of the appealing party.  The Court reasoned that "[i]n this case, the time to appeal is not dictated by any statute which prescribes that service is complete when placed in the mail . . . ." *MCI Telecommunications*, 260 Mont. at 178, 858 P.2d at 366.

¶17   In contrast to the statute at issue in *MCI Communications*, § 39-71-520, MCA (2001), does not rely on "service" as the basis for commencing the ninety-day time period.  Instead, the statute's ninety-day mediation request window runs "from the date of the determination . . . ."  Section 39-71-520, MCA (2001).   Therefore, unlike the statute in *MCI Telecommunications*, § 39-71-520, MCA (2001), is not subject to, nor does it need, the

6

assistance of Rule 6(e), M.R.Civ.P. For that reason, we conclude that Rule 6(e), M.R.Civ.P., is not applicable to § 39-71-520, MCA (2001), and hold that the ninety-day time period to request mediation under § 39-71-520, MCA (2001), begins to run on the date of the UEF's determination.

¶18 UEF's determination was made on November 21, 2002. As a result, Flynn had until February 19, 2002, to request mediation. However, Flynn did not request mediation until February 22, 2002. As such, Flynn's request was time barred, and UEF's determination became unappealable. At that point, neither the Mediation Unit nor the Workers' Compensation Court could hear the matter. Therefore, the Workers' Compensation Court correctly denied Flynn's petition.

¶19 Alternatively, UEF and Dean Casterline argue that because Flynn filed his petition with the Workers' Compensation Court more than one year after issuance of the mediator's report, the petition was time barred under § 39-71-520(2)(c), MCA (2003). That statute provides that parties must appeal to the Workers' Compensation Court within sixty days of a mediation report. However, because we have already concluded that Flynn's petition was time barred under § 39-71-520, MCA (2001), we need not address the application of § 39-71-520(2)(c), MCA (2003).

¶20 The Workers' Compensation Court is affirmed.


/S/ JIM RICE


We Concur:

7

/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS


Justice James C. Nelson concurs.

¶21    I concur in our resolution of this appeal.

¶22    The Court refers to the ninety-day time period of § 39-71-520, MCA (2001), without noting the "dispute" requirement disclosed by the plain language of the statute. This is consistent with the Court's recent interpretation of § 39-71-520, MCA (1999), rendered in *Colmore v. Uninsured Employers' Fund*, 2005 MT 239, ___ Mont. ___, ___ P.3d ___.

¶23    I dissented as to the Court's statutory interpretation in *Colmore*, and I remain convinced that the Court erred in this regard. However, even if the Court had properly interpreted § 39-71-520, MCA (1999), in *Colmore*, the result in this case would not be different.

¶24    Thus, I concur.

/S/ JAMES C. NELSON

Justice John Warner dissents.

¶25   I dissent from the dismissal of Flynn's claim under § 39-71-520, MCA (2001). The Court phrases the issue as whether Rule 6(e), M.R.Civ.P., adds three additional days to the ninety-day period provided in § 39-71-520, MCA (2001), for the claimant to request mediation following a determination by the UEF that is mailed to the claimant. I conclude that Flynn requested mediation within the ninety-day limit, and it is therefore unnecessary to address whether he had an additional three days.

¶26   As recognized by the Court at ¶ 7, if the UEF determination was made the date the letter containing notice of such was mailed, the mediation request was then made within the ninety days provided. I would hold that the determination was indeed made on the date the letter was mailed, that is, left the offices of the UEF.

¶27   The only justification given by the Workers' Compensation Judge in holding that the ninety-day period began to run when the letter was dated is that he felt there was still plenty of time to request mediation, regardless of any delay by the UEF. The Court, for no stated reason, also holds that the ninety-day limit for appeal under § 39-71-520, MCA (2001), begins on the date typed in the letter notifying Flynn his claim was denied. I disagree.

¶28   Section 39-71-520, MCA (2001), provides:

A dispute concerning uninsured employers' fund benefits must be appealed to mediation within 90 days from the date of the determination or the determination is considered final.

¶29   To "determine" means "to decide, to adjudicate, to come to a decision, to decide upon an investigation, to perform a judicial act." *Subsequent Injury Fund v. Ladow* (Colo.App.,

9

1996), 923 P.2d 368, 369. In my view the ninety-day period was intended to begin when the UEF "determination" was definite. In this instance the letter bearing the bad news for Flynn was typed and dated on Thursday, November 21, 2002. There is no indication in the record when it was signed. It likely sat on someone's desk Friday, November 22, 2002, as well as Saturday and Sunday, November 23 and 24, 2002. Thus, it can hardly be said that the letter was a determination on Thursday, as all that was necessary to change it was to take it off the desk and throw it away. At some point on Monday, November 25, the signed letter was placed in the mail to Flynn. This is when it became a UEF determination.

¶30    The time to appeal an administrative decision should not begin to run until the appealing party knew or should have known of the decision. 2 Am. Jur. 2d *Administrative Law*, § 535 (2004). Section 37-71-520, MCA (2001), gives the appellant ninety days to appeal. Therefore the appellant should have his ninety days; not ninety days less the four days it took UEF to type, review, sign, and finally mail the letter. Such an objective standard seems reasonable, as once the determination is postmarked it is in the possession of the postal service, a neutral third-party, and it can no longer be changed or edited. Conversely, by using the date on the letter, the standard becomes subjective and arbitrary, as was the case here. In my view the Legislature did not intend to create a standard that would allow the UEF to burn several days of the ninety-day period simply by dating the notice and sitting on it for a few days prior to actually mailing it.

¶31    The Court supports its conclusion by citing the purpose for the mediation requirement, specifically that mediation discourages unnecessary filings in the Workers' Compensation

10

Court where "an equitable and reasonable resolution [mediation] . . . may be effected at an earlier stage." ¶ 13. I fail to see how using the date of the letter, as opposed to the date it was mailed, supports mediation. Either way, if the appellant misses the ninety-day period, no appeal can be taken from the UEF determination. The Court's rationale only serves to give Flynn less time to request mediation.

¶32 The mediator's report was issued May 7, 2003. Flynn filed his petition in the Workers' Compensation Court on May 12, 2004, over a year later. I would remand this matter to the WCC to consider whether Flynn's appeal of the mediator's determination was timely, and if so, the WCC must then consider the merits of his claim.

/S/ JOHN WARNER