JUSTICE RICE
delivered the Opinion of the Court.
¶1 Petitioner William H. Flynn appeals from the Order of the Montana Workers’ Compensation Court denying both his Petition for Hearing and Motion for Reconsideration. We affirm.
¶2 We consider the following issue on appeal:
¶3 Does Rule 6(e), M.R.Civ.P., add three extra days to the ninety-day period provided by § 39-71-520, MCA (2001), for a claimant to request mediation following a determination by the Uninsured Employers’ Fund that is mailed to the claimant?
BACKGROUND
¶4 On July 25,2002, Petitioner William H. Flynn (Flynn) injured his back while lifting his employer, Dean Casterline (Casterline), out of a wheelchair. As Casterline did not have workers’ compensation insurance, Flynn filed a claim with the Uninsured Employers’ Fund (UEF).
¶5 Following review, UEF Claims Adjuster Bernadette Rice (Rice) issued a determination denying Flynn’s claim, concluding that his injury resulted from household and domestic services, tasks which are statutorily exempted from the requirements of coverage under the Workers’ Compensation Act. UEF’s determination was dated November 21, 2002, and the mailing to Flynn was post-marked November 25, 2002, four days after the determination had been actually made.
¶6 The letter of determination cited § 39-71-520, MCA (2001), of the Workers’ Compensation Act, explaining Flynn’s option to “appeal to mediation” within ninety days of Rice’s decision under that statute. The letter also explained that if Flynn did not request mediation within ninety days, the matter would be deemed closed.
¶7 Flynn contacted Rice by phone on December 10, 2002, to discuss her determination, but he did not request mediation until February 22, 2002-ninety-three days after UEF’s determination of November 21, 2002. Nevertheless, the Mediation Unit undertook Flynn’s claim, opining that the ninety-day time limit did not begin until either the *126 date of the determination’s mailing, or the date that Flynn received the determination. Since the UEF’s determination was mailed on November 25, 2002, use of that date allowed Flynn’s February 22, 2003, request for mediation to be considered timely.
¶8 The Mediation Unit issued its report on May 7, 2003. In addition to its recommendations for resolution of the matter, it noted that Flynn’s mediation request could only be timely if the ninety-day time period ran from his receipt of UEF’s determination, rather than the date the determination had been issued.
¶9 Dissatisfied with the mediation report, Flynn filed a Petition for Hearing with the Workers’ Compensation Court on May 12,2004, over one year after the May 7,2003, issuance of the mediation report. That court denied the petition, and Flynn’s subsequent Motion for Reconsideration on the grounds that the request for mediation was untimely because it had been filed more than ninety days after the UEF’s determination. The court concluded that, as a result, it lacked jurisdiction to hear the case.
¶10 Flynn appealed to this Court on November 19, 2004.
STANDARD OF REVIEW
¶11 The Workers’ Compensation Court’s order relied on conclusions of law. This Court reviews that tribunal’s conclusions of law de novo, the standard being whether the interpretation of law was correct. Stordalen v. Ricci’s Food Farm (1993), 261 Mont. 256, 258, 862 P.2d 393, 394.
DISCUSSION
¶12 The State of Montana created the Uninsured Employers’ Fund (UEF) in 1977 to protect workers employed by uninsured employers. The UEF claims process begins when an injured employee files a First Report of Injury, which is assigned to a UEF claims adjuster who reviews the claim and makes a decision denying or granting benefits. Section 39-71-520, MCA (2001), grants a claimant the right to appeal the decision to the Mediation Unit within a ninety-day period. It provides:
Time limit to appeal. A dispute concerning uninsured employers’ fund benefits must be appealed to mediation within 90 days from the date of the determination or the determination is considered final.
Section 39-71-520, MCA (2001) (emphasis added). Thus, a claimant wishing to request mediation must do so within ninety days of UEF’s determination.
*127 ¶13 If a claimant appeals to the mediation unit and is unsatisfied with the outcome, he or she may appeal to the Workers’ Compensation Court. However, § 39-71-2408, MCA (2001), requires mediation before “either party may file a petition in the workers’ compensation court.” As noted in § 39-71-2406, MCA (2001), the purpose of the mediation requirement is to:
prevent when possible the filing in the workers’ compensation court of actions by claimants or insurers relating to claims under chapter 71 or 72 of this title if an equitable and reasonable resolution of the dispute may be effected at an earlier stage.
Section 39-71-2406, MCA (2001). Failure to request mediation within ninety days prevents a party from seeking review of a UEF determination by the Workers’ Compensation Court. See §§ 39-71-2408 and 39-71-2905, MCA (2001). As such, if Flynn’s February 22, 2003, request for mediation was beyond the ninety-day statutory period, the Workers’ Compensation Court’s denial of Flynn’s petition must be affirmed.
¶14 Flynn argues that his request for mediation was timely, and in contrast to the reasoning of the Workers’ Compensation Court, argues that the ninety-day statutory period should begin to run, not from the date of the UEF determination, but rather, from the date the UEF determination was mailed. Further, Flynn argues that the three extra days provided by Rule 6(e), M.R.Civ.P., when service is by mail, is applicable to the time period under § 39-71-520, MCA (2001), citing MCI Telecommunications Corp. v. Montana Dept. of Public Service Regulation (1993), 260 Mont. 175, 858 P.2d 364, in support. Rule 6(e), M.R.Civ.P., states that:
whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.
For the following reasons, Flynn’s argument fails.
¶15 First, MCI Telecommunications does not stand for the proposition that Rule 6(e), M.R.Civ.P., applies to every administrative appeal. To the contrary, MCI Telecommunications held that “[w]here the time for filing an appeal is dictated by the statute which confers the right to appeal, Rule 6(e) cannot be applied to extend the time for filing as this would be an extension of the court’s jurisdiction.” MCI Telecommunications, 260 Mont. at 178, 858 P.2d at 366.
¶16 While the Court in MCI Telecommunications ultimately determined Rule 6(e), M.R.Civ.P., was applicable to the statute at issue *128 in that case, that statute differed significantly from § 39-71-520, MCA (2001). The statute at issue in MCI Telecommunications, § 2-4-702, MCA (1991), a provision of the Montana Administrative Procedure Act, required the filing of an appeal “within 30 days after service of the final decision.” Section 2-4-702, MCA (emphasis added). As we noted therein, the term “service” was undefined in the statutory scheme at issue, and therefore created confusion as to when “service” was effective. In response, the Court applied Rule 6(e), M.R.Civ.P., moving the statutory time window three days in favor of the appealing party. The Court reasoned that “[i]n this case, the time to appeal is not dictated by any statute which prescribes that service is complete when placed in the mail ....’’MCI Telecommunications, 260 Mont. at 178, 858 P.2d at 366.
¶17 In contrast to the statute at issue in MCI Communications, § 39-71-520, MCA (2001), does not rely on “service” as the basis for commencing the ninety-day time period. Instead, the statute’s ninety-day mediation request window runs “from the date of the determination ....” Section 39-71-520, MCA (2001). Therefore, unlike the statute in MCI Telecommunications, § 39-71-520, MCA (2001), is not subject to, nor does it need, the assistance of Rule 6(e), M.R.Civ.P. For that reason, we conclude that Rule 6(e), M.R.Civ.P., is not applicable to § 39-71-520, MCA (2001), and hold that the ninety-day time period to request mediation under § 39-71-520, MCA (2001), begins to run on the date of the UEF’s determination.
¶18 UEF’s determination was made on November 21, 2002. As a result, Flynn had until February 19, 2002, to request mediation. However, Flynn did not request mediation until February 22,2002. As such, Flynn’s request was time barred, and UEF’s determination became unappealable. At that point, neither the Mediation Unit nor the Workers’ Compensation Court could hear the matter. Therefore, the Workers’ Compensation Court correctly denied Flynn’s petition.
¶19 Alternatively, UEF and Dean Casterline argue that because Flynn filed his petition with the Workers’ Compensation Court more than one year after issuance of the mediator’s report, the petition was time barred under § 39-71-520(2)(c), MCA (2003). That statute provides that parties must appeal to the Workers’ Compensation Court within sixty days of a mediation report. However, because we have already concluded that Flynn’s petition was time barred under § 39-71-520, MCA (2001), we need not address the application of § 39-71-520(2)(c), MCA (2003).
¶20 The Workers’ Compensation Court is affirmed.
JUSTICES COTTER and MORRIS concur.