DA 06-0682

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 49

PUBLIC SERVICE COMMISSIONER BRAD
MOLNAR ON BEHALF OF RESIDENTS OF PUBLIC
SERVICE COMMISSION DISTRICT 2 AND ALL
OTHERS SERVED BY NORTHWESTERN ENERGY,

        Plaintiff and Appellant,

  v.

MONTANA PUBLIC SERVICE COMMISSION
and PENNSYLVANIA POWER AND LIGHT OF
MONTANA, LLC,

        Defendants and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV-2006-372,
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Francis P. McGee, Attorney at Law, Butte, Montana

      For Appellees:

        Robin A. McHugh, Special Assistant Attorney General,
Helena, Montana (PSC)

        Joseph P. Mazurek and Michael W. Green, Crowley, Haughey,
Hanson, Toole & Dietrich P.L.L.P., Helena, Montana (PPLM)

        Paul Lawrence, Preston Gates & Ellis, LLP, Seattle, Washington (PPLM)

Submitted on Briefs:  August 29, 2007

Decided:  February 13, 2008

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellant Public Service Commissioner Brad Molnar (Molnar) appeals from the order of the First Judicial District Court, Lewis and Clark County, dismissing his complaint for lack of jurisdiction. We affirm.

¶2 We address the following issue on appeal:

¶3 Did the District Court err in dismissing the complaint for lack of jurisdiction as untimely filed?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On May 24, 2006, Molnar filed a complaint alleging that the Montana Public Service Commission (PSC) violated federal and state law by its May 25, 1999, order entered in Docket No. D99.4.82 (1999 Order) granting exempt wholesale generator, or EWG, status to Pennsylvania Power and Light of Montana (PPLM). Molnar's complaint alleged that the PSC was without authority to grant EWG status and requested the District Court to set aside the 1999 Order. However, the District Court determined that because both §§ 69-3-402(1) and 2-4-702(2)(a), MCA, required a petition for judicial review of an agency's decision to be filed within thirty days of the decision, it lacked jurisdiction to review Molnar's complaint. Accordingly, on September 6, 2006, the court granted the motion to dismiss the complaint filed by Appellees PSC and PPLM, pursuant to M. R. Civ. P. 12(b)(6). Molnar appeals.

## STANDARD OF REVIEW

¶5 We review de novo a district court's ruling on a motion to dismiss for failure to state a claim pursuant to M. R. Civ. P. 12(b)(6). *Meagher v. Butte-Silver Bow City-*

2

*County*, 2007 MT 129, ¶ 13, 337 Mont. 339, ¶ 13, 160 P.3d 552, ¶ 13.  A motion to dismiss under M. R. Civ. P. 12(b)(6) has the effect of admitting all well-pleaded allegations in the complaint.  *Meagher*, ¶ 13.  The complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true.  *Meagher*, ¶ 13.  The determination whether a complaint states a claim is a conclusion of law.  *Plouffe v. State*, 2003 MT 62, ¶ 8, 314 Mont. 413, ¶ 8, 66 P.3d 316, ¶ 8.  A district court's conclusions of law are reviewed to determine if interpretation of the law was correct.  *Plouffe*, ¶ 8.

**DISCUSSION**

***Did the District Court err in dismissing the complaint for lack of jurisdiction as untimely filed?***

¶6      Molnar argues that the District Court erred in dismissing his complaint because the thirty-day statutes of limitation either did not apply or were tolled.  PSC and PPLM reply that the District Court correctly applied the statutory thirty-day time limitation on appeals from agency decisions and that this Court need not reach the merits of Molnar's claim.

¶7      We have held that only the Legislature may validly provide for judicial review of agency decisions.  *Nye v. Dept. of Livestock*, 196 Mont. 222, 226, 639 P.2d 498, 500 (1982).  As such, a court's authority to review administrative rulings is constrained by statute.  *In re McGurran*, 1999 MT 192, ¶ 12, 295 Mont. 357, ¶ 12, 983 P.2d 968, ¶ 12.  This includes the applicable statutes of limitation governing the time for review.  *McGurran*, ¶ 12.  Accordingly, we have determined that "filing deadlines for petitions for judicial review are jurisdictional in nature, and the failure to seek judicial review of an

3

administrative ruling within the time prescribed by statute makes such an 'appeal' ineffective for any purpose." *McGurran*, ¶ 12. We faced this same issue involving the same agency in *MCI Telecommunications Corp. v. PSC* and explained that:

> The district court's jurisdiction is controlled by the period of time prescribed by the legislature and is limited to the time provided by the applicable statute. The right to an appeal of an administrative agency's ruling is created by statute and is limited by the provisions of the statute as to the time within which the right must be asserted.

260 Mont. 175, 178, 858 P.2d 364, 366 (1993). *See also Hilands Golf Club v. Ashmore*, 2002 MT 8, ¶ 18, 308 Mont. 111, ¶ 18, 39 P.3d 697, ¶ 18 ("a court's jurisdiction to review administrative decisions is statutorily created and limited.").

¶8      Here, two statutes governing judicial review of agency decisions may apply. First, the Legislature provided that PSC decisions are reviewable pursuant to § 69-3-402(1), MCA, which states:

> Any party in interest being dissatisfied with an order of the commission fixing any rate, fare, charge, classification, or joint rate or any order fixing any regulation, practice, or service may, within 30 days, commence an action in the district court . . . to vacate and set aside any such order . . . .

Second, more generally, the Montana Administrative Procedure Act provides that "proceedings for review must be instituted by filing a petition in district court within 30 days after service of the final written decision of the agency . . . ." Section 2-4-702(2)(a), MCA. Review under § 2-4-702, MCA, is reserved for "contested cases." *See Nye*, 196 Mont. at 226, 639 P.2d at 500-01 (stating that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review" under § 2-4-702, MCA).

4

However, because application of either § 2-4-702 or § 69-3-402(1), MCA, containing identical thirty-day limitation periods, yields the same result under the facts alleged, we need not analyze whether the 1999 Order constituted a "contested case" to decide this matter.

¶9     The time for seeking judicial review of the PSC's 1999 Order ran for thirty days following issuance of the order in May 1999.  The complaint was filed in May of 2006, nearly seven years after the period for judicial review ended.  Because the thirty-day time limit to seek review of agency decisions had expired when the complaint was filed, the District Court was without jurisdiction under either statute to entertain the request for judicial review of the 1999 Order.  Of course, the District Court possessed general subject matter jurisdiction to review the agency decision, but did not have authority "jurisdictional in nature," *McGurran*, ¶ 12, from the Legislature to entertain a petition for review filed beyond the time limit provided in the governing statutes.

¶10     However, Molnar argues that the statutes of limitation were either inapplicable or were tolled, raising five arguments: (1) the public hearing conducted prior to issuance of the 1999 Order was not properly noticed, thereby resulting in an illegal action by the PSC which may be reviewed without any time restraints; (2) the statutes governing the PSC provide "absolutely nothing of precision" which would authorize the action it took and thus, the doctrine of *expressio unium est exclusio alterius* applies and leaves the PSC with "no jurisdiction to grant exempt wholesale generator status" to PPLM; (3) the PSC has a "continuing relationship" with Montana citizens, making the 1999 Order voidable at any time; (4) the PSC and PPLM concealed crucial facts from the public, thereby

breaching its fiduciary duty and tolling the thirty-day time periods until the facts were discovered; and (5) the doctrine of equitable tolling applies because of the lack of proper notice and the lack of the PSC's "jurisdiction."

¶11 First, even assuming that the subject time period may be tolled, arguments (3), (4), and (5) are raised for the first time on appeal. We have repeatedly held that this Court considers issues presented for the first time to be untimely and will not consider them. *Point Serv. Corp. v. Myers*, 2005 MT 322, ¶ 31, 329 Mont. 502, ¶ 31, 125 P.3d 1107, ¶ 31 (relying on *Day v. Payne*, 280 Mont. 273, 276, 929 P.2d 864, 866 (1996)). This includes new arguments and changes in legal theory. *Day*, 280 Mont. at 276, 929 P.2d at 866. The rationale for this rule is that we refuse to fault a trial court "'for failing to rule correctly on an issue it was never given the opportunity to consider.'" *Day*, 280 Mont. at 276, 929 P.2d at 866 (quoting 5 Am. Jur. 2d *Appellate Review*, § 690, pp. 360-61 (1995)). Consequently, we refuse to review these new arguments on appeal.

¶12 Molnar's remaining two arguments are framed as jurisdictional and are intertwined. As mentioned, he argues that because the public hearing for the 1999 Order was not properly noticed, and because the PSC's governing statutes do not mention EWG status, the thirty-day time limit does not apply because the PSC did not have "jurisdiction" to enter the order, and jurisdictional claims can be raised at any time. Essentially, Molnar's claims are that the PSC acted outside of its statutory authority, both in procedure and in substance. However, Molnar does not cite any legal authority for the proposition that where an agency acts outside of its statutory authority, petitions for judicial review challenging that action need not comply with statutes governing the

timing of those petitions. Molnar would have this Court grant him a limitless time period in which to file a petition for judicial review simply because he has pled his claim as one challenging the agency's jurisdiction. There is no support for such a conclusion and the argument fails.

¶13 We conclude that the thirty-day statute of limitations was neither tolled nor inapplicable. Consequently, the District Court properly dismissed Molnar's complaint.

¶14 Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

Justice James C. Nelson concurs.

¶15 I concur in our Opinion. I also conclude that this appeal was taken without substantial or reasonable grounds and was frivolous under M. R. App. P. 19(5). As a result, I would award attorney fees and costs on appeal in favor of the PSC and PPLM and against Molnar.

¶16 To begin with, Molnar's complaint, filed nearly seven years beyond the statute of limitations, misrepresented the facts and the law. While Molnar complains about the PSC's 1999 decision, he never appeared before the PSC and never offered objections to

its decision. Moreover, as argued by PPLM, it is doubtful that Molnar even had standing to file his lawsuit as he was never a customer of Northwestern Energy.

¶17 Molnar's lawsuit was dead on arrival in the District Court and, properly, was summarily dismissed. On appeal, Molnar flaunts the Montana Rules of Appellate Procedure. The sole issue on appeal involves the trial court's determination to dismiss Molnar's petition for judicial review as being time-barred. Yet Molnar barely addresses that issue—arguing instead (and poorly at that) the merits of his underlying claim and theories that were not raised in the trial court.

¶18 M. R. App. P. 19(5) provides that this Court "may . . . sua sponte[] award sanctions to the prevailing party in an appeal . . . determined to be frivolous . . . or taken without substantial or reasonable grounds. Sanctions may include costs, attorney fees, or such other monetary or non-monetary penalty as the supreme court deems proper under the circumstances."

¶19 In my view, this appeal—not to mention the underlying lawsuit itself—was taken without substantial or reasonable grounds and was frivolous. Therefore, I would award attorney fees and costs on appeal in favor of the PSC and PPLM and against Molnar. There is no reason that taxpayers and ratepayers should have to fund the defense of this nonsense and there is no reason that the courts should have to deal with it.

¶20 With that caveat, I concur.

/S/ JAMES C. NELSON