JUSTICE RICE
delivered the Opinion of the Court.
¶1 Appellant Public Service Commissioner Brad Molnar (Molnar) appeals from the order of the First Judicial District Court, Lewis and Clark County, dismissing his complaint for lack of jurisdiction. We affirm.
¶2 We address the following issue on appeal:
¶3 Did the District Court err in dismissing the complaint for lack of jurisdiction as untimely filed?
FACTUAL AND PROCEDURAL BACKGROUND
¶4 On May 24, 2006, Molnar filed a complaint alleging that the Montana Public Service Commission (PSC) violated federal and state law by its May 25, 1999, order entered in Docket No. D99.4.82 (1999 Order) granting exempt wholesale generator, or EWG, status to Pennsylvania Power and Light of Montana (PPLM). Molnar’s complaint alleged that the PSC was without authority to grant EWG status and requested the District Court to set aside the 1999 Order. However, the District Court determined that because both §§ 69-3-402(1) and 2-4-702(2)(a), MCA, required a petition for judicial review of an agency’s decision to be filed within thirty days of the decision, it lacked jurisdiction to review Molnar’s complaint. Accordingly, on September 6, 2006, the court granted the motion to dismiss the complaint filed by Appellees PSC and PPLM, pursuant to M. R. Civ. P. 12(b)(6). Molnar appeals.
STANDARD OF REVIEW
¶5 We review de novo a district corut’s ruling on a motion to dismiss for failure to state a claim pursuant to M. R. Civ. P. 12(b)(6). Meagher v. Butte-Silver Bow City-County, 2007 MT 129, ¶ 13, 337 Mont. 339, ¶ 13, 160 P.3d 552, ¶ 13. Amotion to dismiss under M. R. Civ. P. 12(b)(6) has the effect of admitting all well-pleaded allegations in the *422 complaint. Meagher, ¶ 13. The complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true. Meagher, ¶ 13. The determination whether a complaint states a claim is a conclusion of law. Plouffe v. State, 2003 MT 62, ¶ 8, 314 Mont. 413, ¶ 8, 66 P.3d 316, ¶ 8. A district court’s conclusions of law are reviewed to determine if interpretation of the law was correct. Plouffe, ¶ 8.
DISCUSSION

Did the District Court err in dismissing the complaint for lack of jurisdiction as untimely filed?

¶6 Molnar argues that the District Court erred in dismissing his complaint because the thirty-day statutes of limitation either did not apply or were tolled. PSC and PPLM reply that the District Court correctly applied the statutory thirty-day time limitation on appeals from agency decisions and that this Court need not reach the merits of Molnar’s claim.
¶7 We have held that only the Legislature may validly provide for judicial review of agency decisions. Nye v. Dept. of Livestock, 196 Mont. 222, 226, 639 P.2d 498, 500 (1982). As such, a court’s authority to review administrative rulings is constrained by statute. In re McGurran, 1999 MT 192, ¶ 12, 295 Mont. 357, ¶ 12, 983 P.2d 968, ¶ 12. This includes the applicable statutes of limitation governing the time for review. McGurran, ¶ 12. Accordingly, we have determined that “filing deadlines for petitions for judicial review are jurisdictional in nature, and the failure to seek judicial review of an administrative ruling within the time prescribed by statute makes such an ‘appeal’ ineffective for any purpose.” McGurran, ¶ 12. We faced this same issue involving the same agency in MCI Telecommunications Corp. v. PSC and explained that:
The district court’s jurisdiction is controlled by the period of time prescribed by the legislature and is limited to the time provided by the applicable statute. The right to an appeal of an administrative agency’s ruling is created by statute and is limited by the provisions of the statute as to the time within which the right must be asserted.
260 Mont. 175, 178, 858 P.2d 364, 366 (1993). See also Hilands Golf Club v. Ashmore, 2002 MT 8, ¶ 18, 308 Mont. 111, ¶ 18, 39 P.3d 697, ¶ 18 (“a court’s jurisdiction to review administrative decisions is statutorily created and limited.”).
¶8 Here, two statutes governing judicial review of agency decisions *423 may apply. First, the Legislature provided that PSC decisions are reviewable pursuant to § 69-3-402(1), MCA, which states:
Any party in interest being dissatisfied with an order of the commission fixing any rate, fare, charge, classification, or joint rate or any order fixing any regulation, practice, or service may, within 30 days, commence an action in the district court ... to vacate and set aside any such order ....
Second, more generally, the Montana Administrative Procedure Act provides that “proceedings for review must be instituted by filing a petition in district court within 30 days after service of the final written decision of the agency....” Section 2-4-702(2)(a), MCA. Review under § 2-4-702, MCA, is reserved for “contested cases.” See Nye, 196 Mont. at 226, 639 P.2d at 500-01 (stating that “[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review” under § 2-4-702, MCA). However, because application of either § 2-4-702 or § 69-3-402(1), MCA, containing identical thirty-day limitation periods, yields the same result under the facts alleged, we need not analyze whether the 1999 Order constituted a “contested case” to decide this matter.
¶9 The time for seeking judicial review of the PSC’s 1999 Order ran for thirty days following issuance of the order in May 1999. The complaint was filed in May of2006, nearly seven years after the period for judicial review ended. Because the thirty-day time limit to seek review of agency decisions had expired when the complaint was filed, the District Court was without jurisdiction under either statute to entertain the request for judicial review of the 1999 Order. Of course, the District Court possessed general subject matter jurisdiction to review the agency decision, but did not have authority “jurisdictional in nature,” McGurran, ¶ 12, from the Legislature to entertain a petition for review filed beyond the time limit provided in the governing statutes.
¶10 However, Molnar argues that the statutes of limitation were either inapplicable or were tolled, raising five arguments: (1) the public hearing conducted prior to issuance of the 1999 Order was not properly noticed, thereby resulting in an illegal action by the PSC which may be reviewed without any time restraints; (2) the statutes governing the PSC provide “absolutely nothing of precision” which would authorize the action it took and thus, the doctrine of expressio unium est exclusio alterius applies and leaves the PSC with “no jurisdiction to grant exempt wholesale generator status” to PPLM; (3) the PSC has a *424 “continuing relationship” with Montana citizens, making the 1999 Order voidable at any time; (4) the PSC and PPLM concealed crucial facts from the public, thereby breaching its fiduciary duty and tolling the thirty-day time periods until the facts were discovered; and (5) the doctrine of equitable tolling applies because of the lack of proper notice and the lack of the PSC’s “jurisdiction.”
¶11 First, even assuming that the subject time period may be tolled, arguments (3), (4), and (5) are raised for the first time on appeal. We have repeatedly held that this Court considers issues presented for the first time to be untimely and will not consider them. Point Serv. Corp. v. Myers, 2005 MT 322, ¶ 31, 329 Mont. 502, ¶ 31, 125 P.3d 1107, ¶ 31 (relying on Day v. Payne, 280 Mont. 273, 276, 929 P.2d 864, 866 (1996)). This includes new arguments and changes in legal theory. Day, 280 Mont. at 276, 929 P.2d at 866. The rationale for this rule is that we refuse to fault a trial court “ ‘for failing to rule correctly on an issue it was never given the opportunity to consider.’ ” Day, 280 Mont. at 276, 929 P.2d at 866 (quoting 5 Am. Jur. 2d. Appellate Review, § 690, pp. 360-61 (1995)). Consequently, we refuse to review these new arguments on appeal.
¶12 Molnar’s remaining two arguments are framed as jurisdictional and are intertwined. As mentioned, he argues that because the public hearing for the 1999 Order was not properly noticed, and because the PSC’s governing statutes do not mention EWG status, the thirty-day time limit does not apply because the PSC did not have “jurisdiction” to enter the order, and jurisdictional claims can be raised at any time. Essentially, Molnar’s claims are that the PSC acted outside of its statutory authority, both in procedure and in substance. However, Molnar does not cite any legal authority for the proposition that where an agency acts outside of its statutory authority, petitions for judicial review challenging that action need not comply with statutes governing the timing of those petitions. Molnar would have this Court grant him a limitless time period in which to file a petition for judicial review simply because he has pled his claim as one challenging the agency’s jurisdiction. There is no support for such a conclusion and the argument fails.
¶13 We conclude that the thirty-day statute of limitations was neither tolled nor inapplicable. Consequently, the District Court properly dismissed Molnar’s complaint.
¶14 Affirmed.
JUSTICES NELSON, LEAPHART, COTTER and MORRIS concur.