JUSTICE RICE,
dissenting.
¶27 While I understand the Corut’s inclination to follow the lead of the U.S. Supreme Court in distinguishing claim processing rules from jurisdictional time limits, citing Eberhart, I disagree with the Court’s conclusion that the one year time-bar set forth in the Montana post-conviction statute lacks jurisdictional effect and can be ignored or forfeited.
¶28 The central premise of the Court’s opinion is that our post-conviction cases such as Peña, Gray, Wells, and Osborne were decided “in terms of the district courts’ subject matter jurisdiction.” See Opinion, ¶ 20. However, I believe this is a misunderstanding of our precedent. The term “subject matter jurisdiction” was not mentioned nor addressed in those cases. The word “jurisdiction” was used therein *309 to convey the nature and effect of the contours upon post-conviction relief enacted by the Legislature, with the conclusion being that the district court lacked the authority to grant relief outside those statutory boundaries. As we stated, “the statutory rules which circumscribe the postconviction process are jurisdictional in nature.” Peña, ¶ 35 (emphasis added). Further, we have recently explained that “jurisdictional in nature” does not necessarily equate to “subject matter jurisdiction.”
¶29 In Molnar v. Public Service Commission, 2008 MT 49, 341 Mont. 420, 177 P.3d 1048, we reviewed an appeal to the district court from an agency decision which had been filed beyond the 30-day statutory appeal period. We affirmed the dismissal of the appeal, reasoning that “the District Court was without jurisdiction... to entertain the request for judicial review,” Molnar, ¶ 9, but further elaborated on the principle at issue here:
Of course, the District Court possessed general subject matter jurisdiction to review the agency decision, but did not have authority “jurisdictional in nature,” [citing In re McGurran, 1999 MT 192, ¶ 12, 295 Mont. 357, ¶ 12, 983 P.2d 968, ¶ 12] from the Legislature to entertain a petition for review filed beyond the time limit provided in the governing statutes.
Molnar, ¶ 9. This distinction is commonly recognized. See State v. Moore, 225 S.W.3d 556, 568 (Tex. Crim. App. 2007) (“under some circumstances the lack of ‘authority in a trial court, as distinguished from its ‘jurisdiction,’ can render its purported actions ‘void.’”).
¶30 While we may well have been “less than meticulous,” as the Court notes, in our use of the term “jurisdiction” in these cases, that does not abrogate the jurisdiction-like principles at work which required the outcome therein. Whether we label it “jurisdiction” or some other term, a court must have authority to act upon the particular matter before it. We have so held:
“Jurisdiction is the power to hear and determine the particular action or proceeding as well as to make such orders and render such judgment therein as the law authorizes in the class of actions or proceedings to which it belongs.”
State ex rel. Johnson v. District Court, 147 Mont. 263, 267, 410 P.2d 933, 935 (1966) (quoting State ex rel. Lay v. District Court, 122 Mont. 61, 70, 198 P.2d 761, 766 (1948)) (emphasis added).
¶31 Montana districts courts do indeed have subject matter jurisdiction to entertain post-conviction petitions-they have “the power to hear and determine” post-conviction matters. Johnson, 147 Mont. *310 at 267, 410 P.2d 935. However, courts must also have the power or authority to “make such orders and render such judgments therein as the law authorizes.” Johnson, 147 Mont. at 267, 410 P.2d 935. Although the Court wants to avoid over-use of the word “jurisdiction,” and rightfully so, principles of authority nonetheless exist and must be recognized, whatever we choose to call them. Here, I do not believe the District Court had authority to act on Davis’ petition, because it was filed beyond the one year time-bar.
¶32 That leads to my second disagreement, that the one-year time-bar in § 46-21-102, MCA, is merely a “claim processing rule,” as intimated by the Court by its discussion and reliance on the United States Supreme Court’s decision in Eberhart. See Opinion, ¶¶ 13, 22. “Claim processing rules” are a creation of the federal courts and arise from unique federal experience: the jurisdiction of Article III courts is determined by Congress. To distinguish judicially promulgated process rules from congressional jurisdictional mandates, the federal courts have designated the former as “claim processing rules” which are not jurisdictional. As appropriate as this notion may be for the federal courts, to import it wholesale into our law overlooks the peculiar basis for such rules, which does not exist in Montana law.
¶33 Further, the post-conviction time-bar is clearly distinguishable from the rules at issue in the federal cases relied upon by the Court. The Eberhart decision addressed Rule 33 of the Federal Rules of Criminal Procedure, which required a motion for new trial to be filed within seven days after a verdict. Interestingly, the Supreme Court in Eberhart did not explain why it thought Rule 33 was a claim processing rule. It simply stated that the Rule was similar to Fed. R. Bankr. P. 4004(a), which it had determined to be a claim processing rule in Kontrick v. Ryan, 540 U.S. 443, 124 S. Ct. 906 (2004) (“After Kontrick, it is difficult to escape the conclusion that Rule 33 motions are similarly nonjurisdictional.” Eberhart, 546 U.S. at 19, 126 S. Ct. at 407). Thus, to understand the reasoning of the federal authority which determined that these rules were “claim-processing rules,” one must turn to Kontrick.
¶34 Kontrick addressed a bankruptcy rule which provided a time period in which a debtor could object to a creditor’s complaint contesting the debtor’s discharge. Kontrick, 540 U.S. at 446, 124 S. Ct. at 910. The Kontrick Court first explained the source of the rule in question: “The time constraints ... are contained in bankruptcy rules prescribed by the United States Supreme Court for ‘the practice and procedure in cases under Title 11.’” It then noted, as a general legal *311 principle, that “ ‘[i]t is axiomatic’ that such rules ‘do not create or withdraw federal jurisdiction’ ” but, more specifically, that the Bankruptcy Rules themselves clearly stated that the Rules “ ‘shall not be construed to extend or limit the jurisdiction of the courts.’ ” Kontrick, 540 U.S. at 453, 124 S. Ct. at 914. It noted that the Court had previously held in Schacht v. United States, 398 U.S. 58, 90 S. Ct. 1555 (1970), that the Rules “adopted by the Court for the orderly transaction of its business are not jurisdictional.” Kontrick, 540 U.S. at 454, 124 S. Ct. at 914. Critically, the Court emphasized that “[n]o statute, however, specifies a time limit for filing a complaint objecting to the debtor’s discharge.” Kontrick, 540 U.S. at 448, 124 S. Ct. at 911.
¶35 The distinctions between the statutory time-bar and the procedural rules at issue under the cited federal authority are significant. We are not dealing here with a “rule” adopted by the court for the “practice and procedure” in cases before the district court. We have here no companion “rule” explaining that these “rules” as a whole “do not create or withdraw” jurisdiction. Nor do we have a long line of cases declaring that the time-bar at issue is nonjurisdictional-indeed, we have a long line of cases declaring just the opposite. And, most critically, in contrast to the federal cases, we do have a statute which “specifies a time limit for filing” a petition. Because the time-bar is a statutory restriction upon post-conviction relief, it is fundamentally different from the rules at issue in the cases relied upon by the Court.
¶36 Further, as the Court notes, the Kontrick Court explained that a jurisdictional rule “cannot be expanded to account for the parties’ litigation conduct,” while a claim processing rule “can... be forfeited if the party asserting the rule waits too long to raise the point.”Kontrick, 540 U.S. at 456, 124 S. Ct. at 916. My reading of § 46-21-102, MCA, provides no indication that the Legislature intended the time-bar to be “expanded to account for the parties’ litigation conduct” or that it can be forfeited if ignored. The time-bar, reduced several years ago by the Legislature from five years to one year, reflects the desire for a certain, mandatory time limit for the original filing of petitions.
¶37 I fear the Court’s decision may be ill-conceived on other grounds as well. This holding could engender various claims seeking equitable release from the time-bar. Discarding a clear legislative contour of the post-conviction process may well convince the federal courts that the time-bar is no longer a firmly established and regularly followed state practice necessary to prevent subsequent federal court review of federal constitutional claims. See Barr v. Columbia, 378 U.S. 146, 149, 84 S. Ct. 1734, 1736 (1964) (“[sjtate procedural requirements which are *312 not strictly or regularly followed” will not be honored in later federal review).
¶38 As we have held in our previous post-conviction cases, and in similar contexts in other cases, I would likewise conclude here that, while not a limitation on subject matter jurisdiction, the one-year time-bar in the post-conviction statute is “jurisdictional in nature,” requiring dismissal of the petition. Peña, ¶ 35; Molnar, ¶ 9; McGurran, ¶ 12.1 would therefore affirm.
CHIEF JUSTICE GRAY joins in the dissenting opinion of JUSTICE RICE.